UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
UNITED STATES OF AMERICA        :    Hon. Kevin McNulty, U.S.D.J.
                                :
        v.                      :    Crim. No. 14-150 (KM)
                                :
WAYNE DUNICH-KOLB               :
_____:

---

GOVERNMENT'S OPPOSITION TO DEFENDANT
WAYNE DUNICH-KOLB'S PRETRIAL MOTIONS

---

WILLIAM E. FITZPATRICK
Acting United States Attorney
970 Broad Street
Newark, New Jersey 07102
(973) 645-2700

On the Brief:

SHIRLEY U. EMEHELU
Assistant United States Attorney

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................. 1

BACKGROUND .............................................................................. 1

ARGUMENT ................................................................................. 2

   I.   DEFENDANT IS NOT ENTITLED TO A "LIMITED" BILL OF
      PARTICULARS. ................................................................... 2

        A. There Is No Need for a Bill of Particulars Because
           the Superseding Indictment is Sufficiently Pled. ............................. 4

        B. The Discovery Produced In This Case to Defendant Further Eliminates
           the Need for a Bill of Particulars. ........................................ 6

        C. Defendant's Request for a "Limited" Bill of Particulars Is Overbroad
           and Unjustified. ........................................................... 7

        1.   The Government is Not Obligated to Divulge the Names of the
        Taxpayer-Witnesses Identified By Initials in Counts One Through Seven
        of the Superseding Indictment. ............................................ 8

        2.   The Court Should Deny the Remaining Disclosure Requests That
        Defendant Made By Way of a Bill of Particulars. ........................... 9

  II.  THE GOVERNMENT WILL PRODUCE GIGLIO AND JENCKS ACT
      MATERIALS TWO WEEKS BEFORE TRIAL AND IS AWARE OF ITS
      ONGOING BRADY OBLIGATIONS. ......................................... 12

 III.  AGENT ROUGH NOTES WILL BE MAINTAINED. ................................. 16

 IV.  THE GOVERNMENT WILL PROVIDE NOTICE OF ANY RULE 404(b)
      EVIDENCE TWO WEEKS BEFORE TRIAL. ......................................... 16

  V.  DEFENDANT'S REQUESTS FOR VARIOUS RECORDS UNDER RULE 16
      SHOULD BE DENIED. ..................................................................... 17

 VI.  PRODUCTION OF RELEVANT STATEMENTS OF INDIVIDUALS WHO
      ARE NOT GOVERNMENT WITNESSES ............................................. 20

VII.  THE GOVERNMENT IS NOT OBLIGATED TO PRODUCE A WITNESS
      LIST TO THE DEFENSE PRIOR TO TRIAL, BUT WILL DISCLOSE
      JENCKS ACT AND GIGLIO MATERIAL PRIOR TO TRIAL, INCLUDING
      THE CRIMINAL HISTORY OF ANY GOVERNMENT WITNESSES. ......... 21

VIII. THE GOVERNMENT WILL DISCLOSE WRITTEN SUMMARIES OF ANY PROSPECTIVE EXPERT WITNESSES UNDER RULES 702, 703, AND 705 OF THE FEDERAL RULES OF EVIDENCE. .................................. 21

IX.  THE COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT. ........................................................... 22

X.   THE COURT HAS DISCRETION TO LIMIT THE FILING OF ADDITIONAL PRETRIAL MOTIONS. ....................................................................... 23

CONCLUSION ............................................................................................. 24

## **TABLE OF AUTHORITIES**

**Federal Cases**

Brady v. Maryland, 373 U.S. 83 (1963) ........................................................... 15

Buehl v. Vaughn, 166 F.3d 163 (3d Cir. 1999) ................................................. 12

Costello v. United States, 350 U.S. 359 (1956) ................................................. 23

D'Amelio v. United States, 16 Civ. 2123 (CM), 2016 U.S. Dist. LEXIS 163001
(S.D.N.Y. Nov. 14, 2016) ............................................................................. 22

Giglio v. United States, 405 U.S. 150 (1972) ................................................... 12

United State v. Ratfield, No. 07-13537, 2009 U.S. App. LEXIS 18434 (11th Cir.
Aug. 18, 2009) ............................................................................................. 21

United States v. Addonizio, 451 F.2d 49 (3d Cir. 1971), cert. denied, 405 U.S.
936 (1972) ........................................................................................... 2, 4, 9

United States v. Alex, 791 F. Supp. 723 (N.D. Ill. 1992) ................................. 17

United States v. Ammar, 714 F.2d 238 (3d Cir. 1983) ..................................... 16

United States v. Arenal, 768 F.2d 263 (8th Cir. 1985) ...................................... 3

United States v. Blackwell, 954 F. Supp. 944 (D.N.J. 1997) ........................... 17

United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987) ................................ 3

United States v. Brown, 303 F.3d 582 (5th Cir. 2002) ..................................... 16

United States v. Cadet, No. 08-CR-458 (NGG), 2009 U.S. Dist. LEXIS 82957
(E.D.N.Y. Sep. 11, 2009) ............................................................................. 21

United States v. Casseus, 282 F3d. 253 (3d Cir. 2002) ..................................... 8

United States v. Cole, 755 F.2d 748 (11th Cir. 1985) ........................................ 3

United States v. DeLaurentis, 230 F.3d 659 (3d Cir. 2000) ............................. 22

United States v. DiPasquale, 740 F.2d 1282 (3d Cir. 1984) .............................. 9

United States v. Evangelista, 813 F. Supp. 294 (D.N.J. 1993) ........................ 17

United States v. Feola, 651 F. Supp. 1068 (S.D.N.Y. 1987) .............................. 3

United States v. Giampa, 904 F. Supp. 235 (D.N.J. 1995) ............................... 17

United States v. Giese, 597 F.2d 1170 (9th Cir. 1979) ....................................... 7

United States v. Gillette, 738 F.3d 63 (3d Cir. 2013) ....................................... 22

United States v. Gollapudi, 130 F.3d 66 (3d Cir. 1997) ................................... 10

United States v. Higgs, 713 F.2d 39 (3d Cir. 1983) ........................................ 13

United States v. Huet, 665 F.3d 588 (3d Cir. 2012) ...................................... 23

United States v. Johnson, 816 F.2d 918 (3d Cir. 1987).................................. 15

United States v. Kemp, 500 F.3d 257 (3d Cir. 2007) ..................................... 23

United States v. Manfredi, 628 F. Supp. 2d 608 (W.D. Pa. 2009) .................. 11

United States v. Merlino, 349 F.3d 144 (3d Cir. 2003) .................................. 14

United States v. Mitchell, 540 F.2d 1163 (3d Cir. 1976)................................... 8

United States v. Moore, 997 F.2d 55 (5th Cir. 1993) ..................................... 22

United States v. Moyer, 674 F.3d 192 (3d Cir. 2012), cert. denied, 568 U.S. 846
(2012) .......................................................................................................... 4

United States v. Muhammad, 120 F.3d 688 (7th Cir. 1997) ........................... 16

United States v. Murphy, 569 F.2d 771 (3d Cir. 1978)................................... 14

United States v. Olgin, 745 F.2d 263 (3d Cir. 1984)...................................... 10

United States v. Pree, 408 F.3d 855 (7th Cir. 2005) ..................................... 21

United States v. Rankin, 870 F.2d 109 (3d. Cir. 1989).................................. 23

United States v. Rigas, 258 F. Supp. 2d 299 (S.D.N.Y. 2003) .......................... 3

United States v. Rittweger, 524 F.3d 171 (2d Cir. 2008)................................ 15

United States v. Rosa, 891 F.2d 1063 (3d Cir. 1989) ...................................... 3

United States v. Ruiz, 536 U.S. 622 (2002) ................................................... 13

United States v. Sherry, 100 F.3d 943 (2d Cir. 1996).................................... 21

United States v. Stadtmauer, 620 F.3d 238 (3d Cir. 2010)............................ 21

United States v. Tarvers, 833 F.2d 1068 (1st Cir. 1987)................................... 3

United States v. Tejada, No. 12-312 (JLL), 2013 U.S. Dist. LEXIS 100773
(D.N.J. July 17, 2013) ................................................................................ 23

United States v. Torres, 901 F.2d 205 (2d Cir. 1990) ...................................... 3

United States v. Urban, 404 F.3d 754 (3d Cir. 2005), cert. denied, 546 U.S.
1030 (2005) .............................................................................................. 2, 7

United States v. Vella, 562 F.2d 275 (3d Cir. 1977) ...................................... 16

United States v. Vitillo, 490 F.3d 314 (3d Cir. 2007) .................................... 23

United States v. Weaver, 267 F.3d 231 (3d Cir. 2001)................................... 14

United States v. Yeargain, 314 F.2d 881 (9th Cir. 1963) ................................. 12

**Federal Rules**

Fed. R. Crim. P. 16(a)(2) ................................................................. 18

Fed. R. Crim. P. 26.2..................................................................... 14

Fed. R. Crim. P. 7(c)(1) .................................................................. 4

Fed. R. Crim. P. 7(f).................................................................... 2

Fed. R. Evid. 404(b)(2)(A) & (B) ....................................................... 16

**Other Authorities**

Black's Law Dictionary 177 (8th ed. 2004)................................................ 2

1-59 Modern Federal Jury Instructions-Criminal P 59.04............................... 10

Mod. Crim. Jury Instr. 3rd Cir. 6.26.7201-1............................................. 10

Mod. Crim. Jury Instr. 3rd Cir. 6.26.7206................................................ 10

**PRELIMINARY STATEMENT**

On September 29, 2017, defendant Wayne Dunich-Kolb ("defendant Dunich-Kolb" or "Defendant") filed various pretrial motions (ECF No. 37), seeking:  (1) a "limited" bill of particulars; (2) <u>Giglio</u> and Jencks Act materials at least sixty days prior to trial and <u>Brady</u> material immediately; (3) the Government's retention, preservation, and production of rough notes of all Government witnesses; (4) disclosure of Rule 404(b) evidence prior to trial; (5) certain discovery under Rule 16(a)(1)(E); (6) production of relevant statements of persons who are not prospective Government witnesses; (7) a list of all Government witnesses before trial and for disclosure of criminal records, if any, of witnesses; (8) a written summary of the testimony of any expert the Government intends to introduce at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence; (9) dismissal of the pending Superseding Indictment based on allegedly insufficient evidence; and (10) leave to file additional motions (collectively, the "Motions").  The Government herein files an omnibus response in opposition to Defendant's Motions.  For the reasons set forth below, the Court should deny Defendant's Motions in their entirety.

**BACKGROUND**

On December 14, 2016, a federal grand jury sitting in Newark returned a seven-count Superseding Indictment charging Defendant with, in Counts One through Seven, Aiding and Assisting in the Filing of False Tax Returns, in violation of Title 26, United States Code, Section 7206(2), with respect to certain client tax returns; and, in Counts Eight through Ten, Subscribing to

False Tax Returns, in violation of Title 26, United States Code, Section 7206(1), with respect to his personal tax returns.  Trial in this matter is currently scheduled to commence on January 8, 2018.

**ARGUMENT**

## I.    DEFENDANT IS NOT ENTITLED TO A "LIMITED" BILL OF PARTICULARS.

A bill of particulars is a "formal, detailed statement of the claims or charges brought by a . . . prosecutor[.]"  Black's Law Dictionary 177 (8th ed. 2004).  Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the filing of a bill of particulars."  Fed. R. Crim. P. 7(f).  The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense."  United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971), cert. denied, 405 U.S. 936 (1972).  "Only where [the] indictment fails to perform these functions, and thereby significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial[,] . . . will [the Third Circuit] find that a bill of particulars should have been issued."  United States v. Urban, 404 F.3d 754, 771-72 (3d Cir. 2005), cert. denied, 546 U.S. 1030 (2005) (internal quotation marks and citations omitted).

The Court has broad discretion in determining whether a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure is justified, "in order to strike a prudent balance between the defendant's

legitimate interest in securing information concerning the government's case and numerous countervailing considerations ranging from the personal security of witnesses to the unfairness that can result from forcing the government to commit itself to a specific version of the facts before it is in a position to do so." United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989) (citing United States v. Tarvers, 833 F.2d 1068, 1076 (1st Cir. 1987); United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985); United States v. Arenal, 768 F.2d 263, 268 (8th Cir. 1985); see also United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). The "[a]cquisition of evidentiary detail is not the function of the bill of particulars." United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) (upholding denial of bill of particulars where requests amounted to "ill-disguised attempts at general pre-trial discovery") (internal quotation omitted); see also United States v. Feola, 651 F. Supp. 1068, 1123 (S.D.N.Y. 1987), aff'd without op. 875 F.2d 857 (2d Cir.), cert. denied, 493 U.S. 834 (1989) (noting courts' refusals "to treat a bill of particulars as a general investigative tool for the defense, or as a device to compel disclosure of the government's evidence or its legal theory prior to trial"); United States v. Rigas, 258 F. Supp. 2d 299, 304 (S.D.N.Y. 2003) ("bill of particulars cannot . . . be used as a discovery vehicle or as a means to lock the government into its proof"). Accordingly, a bill of particulars should "be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." Torres, 901 F.2d at 234 (emphasis added) (internal citations omitted).

### A. There Is No Need for a Bill of Particulars Because the Superseding Indictment is Sufficiently Pled.

Defendant Dunich-Kolb moves for a "limited" bill of particulars pursuant to Federal Rule of Criminal Procedure 7(c)(1), which provides in pertinent part:

> The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense[s] charged . . . . It need not contain a formal introduction or conclusion. A count may incorporate by reference . . . allegation[s] made in another count. A count may allege that the means by which the defendant committed the offense[s] are unknown or that the defendant committed it by one or more specified means. For each count, the indictment . . . must give the official or customary citation of the statute . . . that the defendant is alleged to have violated.

Fed. R. Crim. P. 7(c)(1). The Court has the discretion to direct the Government to file a bill of particulars under Rule 7(f). In considering whether a bill of particulars is necessary to the defense, the Court first should look to the pending Superseding Indictment to determine whether, on its face, it "inform[s] the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for [the same] offense." Addonizio, 451 F.2d at 64 (quotation marks and citation omitted); see also United States v. Moyer, 674 F.3d 192, 203 (3d Cir. 2012), cert. denied, 568 U.S. 846 (2012) ("conclud[ing] that the indictment . . . was sufficiently detailed such that a bill of particulars was not necessary").

4

Here, likewise, the Superseding Indictment is sufficiently detailed, thus eliminating the need for a bill of particulars.  Specifically, the Superseding Indictment alleges, <u>inter</u> <u>alia</u>:

- The names of the entities through which Defendant, for a fee, prepared federal income tax returns and provided accounting services — namely, Dunich-Kolb LLC and Jadran Services Corporation— and that these entities were owned and operated by Defendant out of his then-residence in Saddle River, New Jersey.  (Superseding Indictment at 1, ¶¶ 1(a) & (b)).

- "Defendant . . . caused his clients to form fictitious partnerships and S corporations that existed in name only and had no business purpose other than to falsely reduce the clients' tax liability (the 'Fictitious Businesses')[.]"  (<u>Id</u>. at 2, ¶ 2(c))).

- "Defendant . . . prepared false and fraudulent federal business returns for client's Fictitious Businesses by fabricating and inflating business expenses, such as those for advertising, travel, and other miscellaneous expenses, in order to generate false and fraudulent business and partnership Schedule K-1 losses, which losses [D]efendant . . . then used to substantially reduce the taxpayers' taxable income on their United States Individual Income Tax Returns[.]"  (<u>Id</u>. at 2-3, ¶ 2(d)).

- "Defendant . . . prepared false and fraudulent United States Individual Income Tax Returns for taxpayers by fabricating and inflating Schedule E deductions for unreimbursed employee business expenses, such as for home office, vehicle mileage, and fuel expenses."  (<u>Id</u>. at 3, ¶ 2(e)).

- "For the tax years 2007 through and including 2011, [D]efendant . . . prepared United States Individual Income Tax Returns for numerous clients that contained fabricated and inflated expenses and deductions, resulting in a total tax loss in excess of $400,000."  (<u>Id</u>. at 3, ¶ 3).

- The statutory language and citation for Defendant's alleged violations of Title 26, United States Code, Section 7206(2) (Aiding and Assisting in the Filing of False Tax Returns), including a chart identifying, for each of Counts One through Seven, the initials of the taxpayer-client, the relevant tax year, the approximate date on which the federal tax return was filed, and the approximate amount of the refund claimed on the allegedly false return.  (<u>Id</u>. at 3-4, ¶ 4).

- The 2006 United States Individual Income Tax Return that Defendant signed, filed, or caused to be filed, on his own behalf, "[o]n or about December 27, 2010, . . . reported that his total income for the calendar year 2006 was $400," when Defendant "well knew . . . that the return failed to disclose approximately $500,602 in gross income that [D]efendant . . . received from his tax preparation and accounting business." (Id. at 5, ¶ 2).

- The 2007 United States Individual Income Tax Return that Defendant signed, filed, or caused to be filed, on his own behalf, "[o]n or about January 3, 2011, . . . reported that his total income for the calendar year 2007 was $526," when Defendant "well knew . . . that the return failed to disclose approximately $656,640 in gross income that [D]efendant . . . received from his tax preparation and accounting business." (Id. at 5, ¶ 3).

- The 2008 United States Individual Income Tax Return that Defendant signed, filed, or caused to be filed, on his own behalf, "[o]n or about January 3, 2011, . . . reported that his total income for the calendar year 2008 was $489," when Defendant "well knew . . . that the return failed to disclose approximately $638,007 in gross income that [D]efendant . . . received from his tax preparation and accounting business." (Id. at 6, ¶ 4).

- The statutory language and citation for Defendant's alleged violations of Title 26, United States Code, Section 7206(1) (Subscribing to False Tax Returns), including a chart identifying, for each of Counts Eight through Ten, the relevant tax year, the approximate date on which Defendant filed or caused to be filed his federal income tax return, the approximate gross income received by Defendant during that tax year, and the approximate amount of the refund claimed on Defendant's allegedly false return. (Id. at 6-7, ¶ 6).

Accordingly, the detailed allegations of the Superseding Indictment negate the necessity of a bill of particulars in this case.

### B. The Discovery Produced In This Case to Defendant Further Eliminates the Need for a Bill of Particulars.

The Third Circuit has held that a defendant's "access through discovery to the documents and witness statements relied upon by the government in constructing its case . . . further weakens the case for a bill of particulars[.]"

<u>Urban</u>, 404 F.3d at 772 (citing <u>United States v. Giese</u>, 597 F.2d 1170, 1180 (9th Cir. 1979) ("Full discovery . . . obviates the need for a bill of particulars.")).

Here, the Government has produced the federal tax returns at issue — both the allegedly false client returns and personal returns of Defendant — as well as the agent reports summarizing interviews of the clients referenced in the Superseding Indictment, by initials, whose allegedly false federal tax returns were prepared by Defendant.[1]  Additionally, the Government has produced records related to the calculation of Defendant's income during the relevant tax years, much of which income Defendant allegedly did not report to the IRS.  For example, the Government has produced Defendant's bank and credit card records; a forensic copy of his work computer containing, <u>inter</u> <u>alia</u>, invoices for tax preparation and accounting services that he provided to clients; and questionnaires issued by the IRS-Criminal Investigation to various taxpayers to confirm whether they had received tax preparation and accounting services from Defendant and paid him for those services.

### C. Defendant's Request for a "Limited" Bill of Particulars Is Overbroad and Unjustified.

Notwithstanding the detailed nature of the Superseding Indictment and his receipt of substantial discovery, including the relevant tax returns and client-witness statements, Defendant seeks a bill of particulars for the following information:

---

[1] The agent reports were redacted to reveal the interviewed taxpayers only by initials and to conceal their personal identification information.

(1)     The names of the Taxpayers who are identified by initials in Counts 1 through 7 of the Superseding Indictment;

(2)     The specific entries on each of the applicable tax returns that the Government alleges are false;

(3)     The specific method of proof the Government intends to utilize at trial to prove each count of the Superseding Indictment;

(4)     The computation and calculation of the specific items of income comprising Defendant's and the client-taxpayers' actual taxable income and their source, and the deductions and costs allowed and disallowed against such income; and

(5)     The dates, amount, character and source of the income allegedly received but not reported by Defendant for the tax years specified in the Superseding Indictment.

(Def. Br., ECF No. 37-3, at 4).  For the reasons set forth below, the Court should reject Defendant's attempt to discern the identity of the Government's witnesses well before trial, and deny Defendant's other disclosure requests as unnecessary.

### 1.     The Government is Not Obligated to Divulge the Names of the Taxpayer-Witnesses Identified By Initials in Counts One Through Seven of the Superseding Indictment.

Defendant Dunich-Kolb is not entitled to early discovery of the identity of the taxpayer-witnesses identified by initials in Counts One through Seven of the Superseding Indictment.  The law in this Circuit is clear that "the discovery rules do not permit the defense to get the names of witnesses."  United States v. Mitchell, 540 F.2d 1163, 1166 (3d Cir. 1976); accord United States v. Casseus, 282 F3d. 253, 257 (3d Cir. 2002); Government of the Virgin Islands v.

Martinez, 847 F.2d 125, 128 (3d Cir. 1988); United States v. DiPasquale, 740 F.2d 1282, 1294 (3d Cir. 1984).  Indeed, in Addonizio, the Third Circuit stated flatly that "in no event is the government required to divulge the identity of its witnesses in a non-capital case."  Addonizio, 451 F.2d at 62.  As stated above, the Government will disclose Jencks Act and Giglio material to Defendant two weeks prior to trial.  Additionally, the Government already has produced the agent reports summarizing IRS-Criminal Investigation's interviews of the client-taxpayers, with the names of clients redacted only to show their initials.

> **2.  The Court Should Deny the Remaining Disclosure Requests That Defendant Made By Way of a Bill of Particulars.**

At the pre-trial stage, the Government is not obligated to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendant," which is essentially what Defendant seeks here. Addonizio, 451 F.2d at 64.  Defendant demands, by way of a bill of particulars, the disclosure of:  the specific entries on each of the applicable tax returns that the Government alleges are false; the specific method of proof the Government intends to utilize at trial to prove each count of the Superseding Indictment; the computation and calculation of the specific items of income comprising his and the relevant taxpayers' actual taxable income and their source, and the deductions and costs allowed and disallowed against such income; and the dates, amount, character and source of the income allegedly received but not reported by Defendant for the tax years specified in the Superseding Indictment.

Much of this information would be relevant if Defendant were charged with tax evasion, but here he is charged only with aiding and assisting in the preparation of, and subscribing to, false federal tax returns in violation of 26 U.S.C. §§ 7206(2) and 7206(1).  For a Section 7206(2) offense, the Government need only prove:  first, that Defendant advised or assisted in the preparation of a tax return that was subsequently filed; second, that the return was false as to any material matter; and third, that the defendant acted willfully.  1-59 Modern Federal Jury Instructions-Criminal P 59.04.  Similarly, for a Section 7206(1) offense, the Government need only prove:  first, that Defendant made, subscribed, and filed an income tax return; second, that the tax return contained or was verified by a written declaration that it was made under the penalties of perjury; third, that the return was false regarding a material matter; fourth, that Defendant did not believe the return was true and correct as to that material matter; and fifth, that Defendant acted willfully. Mod. Crim. Jury Instr. 3rd Cir. 6.26.7206; United States v. Gollapudi, 130 F.3d 66, 71–72 (3d Cir. 1997).  As such, the Government is not required to prove the existence of a tax deficiency, which is an element of tax evasion.  See United States v. Olgin, 745 F.2d 263, 272 (3d Cir. 1984); Mod. Crim. Jury Instr. 3rd Cir. 6.26.7201-1 (setting forth elements of tax evasion).  Accordingly, Defendant's disclosure requests relating to the calculation of tax deficiency are not material to his defense.

In any respect, as a courtesy to Defendant, the Government proffers that it anticipates relying on the Specific Items Method and the Bank Deposits

10

Method in establishing that the gross income reported by Defendant in his pertinent personal tax returns was materially false, in that Defendant reported personal gross income of less than $550 during the relevant tax years, when he earned gross income in excess of $500,000 or $600,000 from his tax preparation and accounting business during those tax years. More specifically, the Government anticipates that, at trial, it will compare Defendant's client lists and the invoices that he issued to clients (the Specific Items Method) with the client payment checks deposited into his bank accounts (the Bank Deposits Method) in order to calculate the amount of gross income that Defendant derived from his tax preparation and accounting business during the relevant tax years. The Government will present this evidence in the form of summary chart(s), which it will disclose to Defendant at least 30 days before trial. As for the tax deficiencies associated with the client tax returns referenced in the Superseding Indictment, the Government has produced in discovery a chart to Defendant entitled, "Tax Due and Owing by Taxpayer – 26 USC 7206(2)" (Bates No. WDK-005114-15), which identifies the specific, allegedly false information contained in the client tax returns at issue, and the tax deficiency associated with those returns.

Accordingly, based on the Government proffers contained herein, the detailed nature of the Superseding Indictment, and the disclosures already made in discovery, a bill of particulars is unnecessary. See United States v. Manfredi, 628 F. Supp. 2d 608, 639 (W.D. Pa. 2009) (citations omitted) (concluding that a bill of particulars was not warranted because the defendants

had not demonstrated that (1) the allegations in the indictment, when considered in light of the significant discovery; and (2) the Government's proffers as to its chosen method of proof at trial and its presentation of voluminous evidence related to the allegedly unlawful transactions at trial, were so general as to "significantly impair" their ability to prepare for their defense or that the denial of their motion would lead to "prejudicial surprise at trial."); see also Giese, 597 F.2d at 1181 (concluding court did not abuse its discretion in denying motion for bill of particulars seeking "when, where and how" of every act in furtherance of a conspiracy, when indictment and discovery provided defendant with information sufficient to meet purposes of a bill of particulars); United States v. Yeargain, 314 F.2d 881, 882 (9th Cir. 1963) ("A defendant is not entitled to know all the evidence the government intends to produce, but only the governmen's theory of the case.").

## II. THE GOVERNMENT WILL PRODUCE GIGLIO AND JENCKS ACT MATERIALS TWO WEEKS BEFORE TRIAL AND IS AWARE OF ITS ONGOING BRADY OBLIGATIONS.

Defendant seeks impeachment material that must be disclosed pursuant to Giglio v. United States, 405 U.S. 150 (1972), and its progeny. Giglio requires the Government to "disclose evidence that goes to the credibility of crucial prosecution witnesses." Buehl v. Vaughn, 166 F.3d 163, 181 (3d Cir. 1999). This information typically includes, for example, immunity agreements, plea agreements, money paid to a witness, and prior criminal convictions. The Government understands its Giglio obligations and will comply with them fully.

12

The Government intends voluntarily to disclose all <u>Giglio</u> information to Defendant two weeks prior to the beginning of trial.

A defendant has no right to pretrial disclosure of impeachment material, let alone disclosure of impeachment material sixty days prior to trial, as Defendant requests.  <u>United States v. Higgs</u>, 713 F.2d 39, 44 (3d Cir. 1983); <u>see</u> <u>also</u> <u>United States v. Ruiz</u>, 536 U.S. 622, 629 (2002) (the Constitution does not require the Government to disclose impeachment information prior to a defendant's guilty plea).  The Government nevertheless recognizes the interest of the Court and all parties in conducting the trial efficiently and without interruptions.  The United States proposes to disclose all <u>Giglio</u> material two weeks prior to trial.  This timetable will ensure that Defendant's due process right are protected.

Defendant also seeks early production of prior statements and reports of Government witnesses.  The Jencks Act, 18 U.S.C. § 3500(a), provides that, "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  Thus, disclosure of a Government witness' prior statements or reports is not required until after the witness has testified — and certainly is not required sixty days prior to trial, as Defendant requests.  As the Third Circuit stated in <u>United States v. Murphy</u>:

> The blunt command of the statute together with the unequivocal legislative history has led to unbroken

13

> precedents in the Courts of Appeals denying to district courts the power to compel production of the statements of government witnesses until conclusion of direct examination at trial.

United States v. Murphy, 569 F.2d 771, 773 (3d Cir. 1978); accord

United States v. Merlino, 349 F.3d 144, 155 (3d Cir. 2003); United States v.

Weaver, 267 F.3d 231, 245 (3d Cir. 2001).

The Government, however, recognizes the "salutary practice" of "delivering Jencks material to defense counsel sufficiently in advance of the conclusion of direct examination to obviate trial interruptions." Murphy, 569 F.2d at 773 n.5. As a result, the Government voluntarily will produce Jencks material two weeks prior to trial. This early disclosure will afford defense counsel an adequate opportunity to prepare for cross-examination without delaying the trial.

Defendant has a reciprocal duty to produce to the Government prior statements of his witnesses. See Fed. R. Crim. P. 26.2. In light of the Government's willingness to produce Jencks material prior to the testimony of its witnesses, the Government requests that defense counsel reciprocate by providing defense Jencks material at least three days in advance of the testimony of defense witnesses. If the defendant declines to use the same timetable for his required disclosures, the Government expects that Defendant will notify the Government and the Court at least three weeks prior to the beginning of trial, so the Government can reconsider its offer of voluntary early disclosure of Jencks material.

14

Finally, the Government understands its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963) ("suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"), and will comply fully with them.  Thus, the Government will disclose to defense counsel all exculpatory evidence in its possession that is material to guilt promptly and in sufficient time for its use at trial, and all information that is material to punishment prior to sentencing. <u>See</u> <u>United States v. Johnson</u>, 816 F.2d 918, 924 & n.7 (3d Cir. 1987) (Government should turn over Brady material "in a prompt fashion," but no <u>Brady</u> violation occurs where defendant has the evidence "available during the course of a trial in such a way that [he] is able effectively to use it"); <u>United States v. Rittweger</u>, 524 F.3d 171, 180 (2d Cir. 2008) ("<u>Brady</u> information . . . must be disclosed in a manner that gives the defendant a reasonable opportunity either to use the evidence in the trial or to use the information to obtain evidence for use in the trial") (internal quotation marks and citation omitted).

At the present time, the Government is not in possession of, nor is it aware of, any exculpatory information.  If the Government discovers any such material exculpatory information, it will turn it over to defense counsel in a prompt and timely manner.

### III.   AGENT ROUGH NOTES WILL BE MAINTAINED.

The Government is not required to disclose rough notes and draft reports prepared by investigators merely upon the defendant's demand.  United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Muhammad, 120 F.3d 688, 699 (7th Cir. 1997).  The federal agents involved in the investigation and prosecution of this case are aware of their obligation to preserve notes of interviews and handwritten drafts of reports.  If directed by the Court to do so, the Government will submit those materials to the Court for in camera review and possible disclosure to the defense.  See United States v. Ammar, 714 F.2d 238, 259 (3d Cir. 1983) ("the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced"); United States v. Vella, 562 F.2d 275, 276 (3d Cir. 1977) (FBI agent's rough notes should be kept so that the trial court can determine whether they contain Brady or Jencks Act material).

### IV.   THE GOVERNMENT WILL PROVIDE NOTICE OF ANY RULE 404(b) EVIDENCE TWO WEEKS BEFORE TRIAL.

Rule 404(b) requires the Government to "provide reasonable notice of the general nature of any such evidence . . . before trial — or during trial if the court, for good cause, excuses lack of pretrial notice."  Fed. R. Evid. 404(b)(2)(A) & (B).  Thus, although the Rule provides no specific deadline for the provision of notice, the Government acknowledges that the "purpose of the pre-trial notice requirement of Rule 404(b)" is "to reduce surprise and promote early

resolution on the issue of admissibility." <u>United States v. Blackwell</u>, 954 F. Supp. 944, 968 (D.N.J. 1997) (internal quotation marks and citations omitted). Courts have held notice provided three to fourteen days prior to trial was adequate.  <u>See</u>, <u>e.g.</u>, <u>Blackwell</u>, 954 at 968 (three-day notice "appeared adequate under the facts of the instant case"); <u>United States v. Giampa</u>, 904 F. Supp. 235, 283 (D.N.J. 1995) (ordering notice two weeks before trial); <u>United States v. Evangelista</u>, 813 F. Supp. 294, 302 (D.N.J. 1993) (notice ten business days prior to trial is sufficient under Rule 404(b)); United States v. Alex, 791 F. Supp. 723, 729 (N.D. Ill. 1992) (ordering notice seven days before trial).

Here, the Government will provide notice of Rule 404(b) evidence that it intends to use at trial at least two weeks before trial.  If the Defendant intends to offer any "reverse Rule 404(b)" evidence, the Government asks that Defendant provide notice of such evidence to the Government at least one week before trial.

## V.   DEFENDANT'S REQUESTS FOR VARIOUS RECORDS UNDER RULE 16 SHOULD BE DENIED.

Invoking Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, Defendant requests various records (Def. Br., ECF No. 37-3, at 18-19), each of which the Government responds to below:

1. The Special Agent Report ("SAR") prepared by the case agent, Special Agent Helmstetter, or any other IRS agent, that was used to recommend prosecution of Defendant.

a. Rule 16(a)(2) specifically provides that "[R]ule [16] does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by a[] . . . government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). Accordingly, this request should be denied.

2. The "Centralized Case Review" generated by the criminal investigation quality review team that recommended criminal charges against Defendant.

a. This request also should be denied pursuant to Rule 16(a)(2). <u>Id</u>.

3. Any documents or reports evidencing statements by Special Agent Helmstetter reflecting any personal animosity toward Defendant.

a. The Government is not in possession of, nor aware of, any such documents or reports. Accordingly, this request should be denied.

4. Any documents, reports, photographs and/or videos reflecting surveillance of defendant by Special Agent Helmstetter or any other IRS agent.

a. The Government is not in possession of, nor aware of, any such records. Accordingly, this request should be denied.

5. Any documentation evidencing the IRS and specifically Special Agent Helmstetter intercepting or reviewing Defendant's United States mail or electronic mail.

   a. The Government is not in possession of, nor aware of, any such records.  Accordingly, this request should be denied.

6. Evidence of electronic monitoring of Defendant's voice communications including, but not limited to, consensual recordings of conversations between Defendant and his clients.

   a. Jail recordings of Defendant already have been produced in discovery.  The Government is not in possession of, nor aware of, any electronic monitoring of Defendant's voice communications, including any consensual recordings of conversations between Defendant and his clients.  Accordingly, this request should be denied.

7. Evidence reflecting Agent Helmstetter's mishandling of documents/correspondence seized from Defendant's home during the execution of a search warrant, specifically but not limited to, an identification of documents "lost" or "destroyed" by any IRS agent.

   a. The Government is not in possession of, nor aware of, any such records.  Accordingly, this request should be denied.

8. Documents or reports containing information relating to intimidation or coercion by IRS agents to compel witnesses to give incriminating information about Defendant.

19

a. The Government is not in possession of, nor aware of, any such records.  Accordingly, this request should be denied.

Finally, the Government reiterates that it is aware of its <u>Brady</u>, <u>Giglio</u>, and Jencks Act obligations and will comply with them fully.

## VI.  PRODUCTION OF RELEVANT STATEMENTS OF INDIVIDUALS WHO ARE NOT GOVERNMENT WITNESSES

Defendant also moves for an order "direct[ing] the Government to search for and produce any and all statements, of any nature, directly or indirectly relating to or connected with the facts of this case which were made, signed, adopted, approved by or otherwise attributed to persons whom the [Government] does not presently intend to call as witnesses herein," citing Rule 16(a)(1)(E) and <u>Brady</u> as authorities.  The Government has produced <u>agent</u> reports summarizing the statements of the ten client-taxpayers referenced in the original Indictment returned in this case, which includes the five client-taxpayers referenced in the Superseding Indictment.  Additionally, the Government has produced IRS-Criminal Investigation questionnaires completed by numerous individuals identified as potential clients of Defendant. The Government also produced text message communications between Defendant and other individuals, and forensic image copies of the computer evidence seized from Defendant's residence/home office, including evidence containing email communications between Defendant and other individuals. As such, the Government maintains that it has complied with its Rule 16 obligations, as they pertain to third-party statements that may be discoverable under Rule 16(a)(1)(E), as well as its Jencks Act requirements.  Moreover, the

Government again maintains that it is aware of its <u>Brady</u> obligations and will abide by them.

**VII.   THE GOVERNMENT IS NOT OBLIGATED TO PRODUCE A WITNESS LIST TO THE DEFENSE PRIOR TO TRIAL, BUT WILL DISCLOSE JENCKS ACT AND <u>GIGLIO</u> MATERIAL PRIOR TO TRIAL, INCLUDING THE CRIMINAL HISTORY OF ANY GOVERNMENT WITNESSES.**

As noted above, the Third Circuit has made clear that "the discovery rules do not permit the defense to get the names of witnesses." <u>Mitchell</u>, 540 F.2d at 1166.  Accordingly, Defendant's request for a witness list should be denied.  The Government will disclose the criminal records, if any, of its witnesses, along with other <u>Giglio</u> disclosures, two weeks prior to trial.

**VIII.  THE GOVERNMENT WILL DISCLOSE WRITTEN SUMMARIES OF ANY PROSPECTIVE EXPERT WITNESSES UNDER RULES 702, 703, AND 705 OF THE FEDERAL RULES OF EVIDENCE.**

It is not uncommon for an IRS agent to testify as an "expert summary witness" in cases involving tax crimes.  <u>United States v. Stadtmauer</u>, 620 F.3d 238, 269 (3d Cir. 2010) (listing cases where IRS agents were qualified as experts and provided opinions as to the tax consequences of a transaction); <u>United States v. Pree</u>, 408 F.3d 855, 869 (7th Cir. 2005); <u>United State v. Ratfield</u>, No. 07-13537, 2009 U.S. App. LEXIS 18434, at *2 n.4 (11th Cir. Aug. 18, 2009) (collecting cases); <u>United States v. Sherry</u>, 100 F.3d 943, 943 (2d Cir. 1996) (describing expert summary witness testimony of IRS agent in prosecution of tax preparer); <u>United States v. Cadet</u>, No. 08-CR-458 (NGG), 2009 U.S. Dist. LEXIS 82957, at *11-12 (E.D.N.Y. Sep. 11, 2009).  An IRS agent may testify as to his tax analysis based on his special expertise and on

21

the facts provided by the testimony of other witnesses.  See United States v. Moore, 997 F.2d 55, 58 (5th Cir. 1993).

In the instant case, the Government may call an IRS agent to testify regarding, inter alia, the tax consequences of the information Defendant put in the client tax returns referenced in the Superseding Indictment and the calculation of Defendant's estimated gross income for the tax years in question. The Government will provide its expert notice disclosure at least thirty days prior to trial.

## IX.   THE COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT.

Defendant moves to dismiss the Superseding Indictment based on "insufficient evidence."  However, "the Federal Rules of Criminal Procedure . . . contain no mechanism for dismissing a criminal indictment based on insufficiency of the evidence." D'Amelio v. United States, 16 Civ. 2123 (CM), 2016 U.S. Dist. LEXIS 163001, at *8 (S.D.N.Y. Nov. 14, 2016).  "Indeed, a district court is prohibited from examining the sufficiency of the government's evidence in a pretrial motion to dismiss because '[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.'" United States v. Gillette, 738 F.3d 63, 74 (3d Cir. 2013) (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000)).  Thus, as the Third Circuit has explained, "a district court's review of the facts set forth in the indictment is limited to determining whether, assuming all of those facts as true, a jury could find that the defendant committed the offense for which he was charged."

22

United States v. Huet, 665 F.3d 588, 595-96 (3d Cir. 2012).  Defendant has not alleged that the Superseding Indictment is invalid on its face.[2]  Accordingly, the Court should deny Defendant's motion to dismiss based on insufficient evidence.

## X.   THE COURT HAS DISCRETION TO LIMIT THE FILING OF ADDITIONAL PRETRIAL MOTIONS.

The Court has the discretion to limit the filing of additional pretrial motions, particularly if no such need arises from any disclosures that the Government makes after Defendant's filing of the instant pretrial Motions.  "To the extent that Defendant deems it necessary to file any additional pretrial motions, Defendant should seek leave of court, and explain why any such motions are necessary and why they were not previously filed."  United States v. Tejada, No. 12-312 (JLL), 2013 U.S. Dist. LEXIS 100773, at *22 (D.N.J. July 17, 2013) (Linares, C.J.).

---

[2] "It is well-established that '[a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits.'"  United States v. Vitillo, 490 F.3d 314, 320 (3d Cir. 2007) (quoting Costello v. United States, 350 U.S. 359, 363 (1956)).  The Third Circuit has held that an indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution."  Id. at 321 (citation omitted). "[N]o greater specificity than the statutory language is required so long as there is sufficient factual orientation" to permit a defendant to prepare his defense and invoke double jeopardy.  United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007) (quoting United States v. Rankin, 870 F.2d 109, 112 (3d. Cir. 1989)).  "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred."  Huet, 665 F.3d at 594-95 (citations omitted).

## **CONCLUSION**

Based on the foregoing, the Court should deny defendant Dunich-Kolb's

Motions in their entirety, either as unsupported, improper, or moot.

Respectfully Submitted,

WILLIAM E. FITZPATRICK
Acting United States Attorney

s/ *Shirley U. Emehelu*

By:    SHIRLEY U. EMEHELU
Assistant U.S. Attorney

Dated:  October 20, 2017
         Newark, New Jersey

24

## **Certificate of Service**

I, Shirley U. Emehelu, an Assistant United States Attorney, hereby certify that:

On October 20, 2017, I caused a copy of the attached Government's Opposition to Defendant Wayne Dunich-Kolb's Pretrial Motions to be served on the following person via ECF:

> Jeffrey G. Garrigan, Esq.
> *Counsel for Defendant Wayne Dunich-Kolb*

I declare under penalty of perjury that the foregoing is true and correct.


> s/ *Shirley U. Emehelu*
> SHIRLEY U. EMEHELU
> Assistant U.S. Attorney



Dated:  October 20, 2017
        Newark, New Jersey