UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Kevin McNulty, U.S.D.J. |
| v. | : | Crim. No. 14-150 (KM) |
| WAYNE DUNICH-KOLB | : | **ORDER** |

This matter having come before the Court on the Omnibus Pretrial Motions filed by defendant Wayne Dunich-Kolb ("Defendant") (Jeffrey G. Garrigan, Esq. appearing) on September 29, 2017 (ECF No. 37) (collectively, the "Motions"); and the Court having considered the Motions and the Government's Opposition Brief (Shirley U. Emehelu, appearing) filed on October 20, 2017 (ECF No. 39), and Defendant's Letter Reply Brief filed on October 27, 2017 (ECF No. 40); and the Court having heard oral argument on the Motions on November 21, 2017; and for the reasons set forth on the record, and for other good cause shown,

IT IS on this 22nd day of November, 2017,

ORDERED that Defendant's motion for a bill of particulars is hereby GRANTED IN PART to require the Government to disclose the names of the taxpayers referenced by initials in the Superseding Indictment, with such disclosure being for attorneys' eyes only pending the Government's application to show good cause as to why the disclosure should remain for attorneys' eyes only; and

IT IS FURTHER ORDERED that Defendant's motion for a bill of particulars is hereby DENIED in all other respects; and

IT IS FURTHER ORDERED that Defendant's motion for early disclosure of Giglio and Jencks Act materials is hereby DENIED AS MOOT, given that the Government has agreed to disclose Giglio and Jencks Act materials twenty (20) days prior to trial; and

IT IS FURTHER ORDERED that Defendant's motion for the immediate production of Brady material is hereby DENIED AS MOOT, given that the Government has represented that it is aware of, and will comply with, its ongoing Brady obligations; and

IT IS FURTHER ORDERED that Defendant's motion requiring the Government to retain, preserve, and produce rough notes of all Government witnesses is hereby DENIED AS MOOT, except that the Government is directed to review said materials for any Brady and/or Giglio information; and

IT IS FURTHER ORDERED that Defendant's motion for early disclosure of Rule 404(b) evidence is hereby DENIED AS MOOT, given that the Government has agreed to disclose any Rule 404(b) evidence twenty (20) days prior to trial; and

IT IS FURTHER ORDERED that Defendant's motion for discovery under Federal Rule of Criminal Procedure 16(a)(1)(E) is hereby DENIED AS MOOT, except that the Government is directed to review the IRS Special Agent Report ("SAR") and the "Centralized Case Review" for any Brady and/or Giglio information; and

IT IS FURTHER ORDERED that Defendant's motion for production of relevant statements of persons who are not prospective government witnesses is

hereby DENIED AS MOOT, except that the Government is directed to review said materials for any Brady and/or Giglio information; and

IT IS FURTHER ORDERED that Defendant's motion for a list of all Government witnesses prior to trial is hereby DENIED; and

IT IS FURTHER ORDERED that Defendant's motion for pretrial disclosure of the criminal records, if any, of Government witnesses is hereby DENIED AS MOOT, given that the Government shall disclose Giglio material twenty (20) days prior to trial; and

IT IS FURTHER ORDERED that Defendant's motion for a written summary of any expert testimony the Government intends to introduce at trial under Federal Rules of Evidence 702, 703 and 705 is hereby DENIED AS MOOT, given that the Government has agreed to make its expert notice disclosure thirty (30) days prior to trial; and

IT IS FURTHER ORDERED that Defendant's motion to dismiss the pending Superseding Indictment based on insufficient evidence is hereby DENIED; and

IT IS FURTHER ORDERED that Defendant's motion for leave to file additional motions, should they become appropriate as a result of any additional discovery produced by the Government, or on the basis of any additional evidence that may come to light, is hereby GRANTED.

_____
HONORABLE KEVIN McNULTY