

# CAMMARATA, NULTY & GARRIGAN, L.L.C.
## ATTORNEYS AT LAW

THOMAS J. CAMMARATA
JOHN P. NULTY, JR.
JEFFREY G. GARRIGAN

EDWARD T. O'CONNOR, JR. (RET. J.S.C.)•
DEBRA SIMON •

•OF COUNSEL

549 SUMMIT AVENUE
JERSEY CITY, NJ 07306
TEL: (201) 656-2222
FAX: (201) 656-6680
WWW.CNGLAW.COM

October 25, 2018

*Via efile & courtesy copy via NJLS*

Honorable Kevin McNulty, U.S.D.J.
United States District Court
U.S.P.O. & Courthouse, Room 417
Federal Square
Newark, New Jersey 07102

                **RE:**    **United States v. Wayne Dunich-Kolb**
                           **Criminal No.: 14-150 (KM)**

Dear Judge McNulty:

Please accept this letter brief in lieu of a more formal brief in support of defendant's motion under 18 U.S.C. §3145(b) to revoke the detention order issued by U.S. Magistrate Judge Michael A. Hammer or, in the alternative pursuant to the Due Process Clause of the Fifth Amendment.

## PROCEDURAL HISTORY

On March 24, 2014 a federal Grand Jury returned a nine count Indictment against defendant, Wayne Dunich-Kolb charging defendant with Aiding and Assisting in the Filing of False Tax Returns and Subscribing to False Tax Returns. On April 8, 2014 defendant, Wayne Dunich-Kolb was arrested on the Indictment. A bail hearing was held on April 17, 2014 defendant before U.S. Magistrate Judge Joseph A. Dickson. On that date, defendant was ordered released on an unsecured $50,000 bond and into the third party custody of his father, Warren Kolb. U.S. Magistrate Dickson set several condition

of release: travel was restricted to the State of New Jersey unless approved by Pretrial Services, report to Pretrial Services, mental health testing and/or treatment as directed by Pretrial Services, surrender passport, maintain current residence or a residence approved by Pretrial Services, no contact with victim or potential witnesses, seek employment but not in any tax related field. [Exhibit A].

A ten count Superseding Indictment was returned on December 14, 2016 charging the same offenses as the original Indictment with one additional count. Defendant was allowed to continue on pretrial release on the Superseding Indictment.

On March 28, 2018, the Grand Jury returned a twenty-nine count Second Superseding Indictment. In the latest indictment, defendant is charged with twelve (12) counts of Aiding and Assisting in the Filing of False Tax Returns; three (3) counts of Subscribing to False Tax Returns; twelve (12) counts of Mail Fraud; and two (2) counts of Aggravated Identity Theft. Defendant was arrested on the Second Superseding Indictment on March 30, 2018 and a detention hearing was conducted by U.S. Magistrate Judge Michael A. Hammer on April 2, 2018.[1] At that time, pretrial release was denied by Judge Hammer as he found that defendant had participated in criminal activity while on pretrial supervision. [Exhibit C].

## LEGAL ARGUMENT

I. **UTILIZING THE FACTORS SET FORTH IN 18 U.S.C. § 3148 AND 18 U.S.C. §3142, THE COURT SHOULD REVOKE THE PREVIOUSLY ISSUED DETENTION ORDER AND PERMIT THE RELEASE OF DEFENDANT PENDING TRIAL**

It is respectfully submitted that the circumstances of this case warrant a finding that defendant has overcome the rebuttable presumption of detention and he should be permitted to be released

---

[1] T refers to the transcript of the hearing before Magistrate Judge Hammer attached hereto as Exhibit B.

pretrial. Section 3148(a) provides in pertinent part that "[a] person who has been released pursuant to section 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." Further, section (b) provides:

> [t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer - -
> (1) finds that there is –
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that –
> (A) based on the factors set forth in section 3142 (g) . . . there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by the condition or combination of conditions of release.
> If there is probable cause to believe that, while on release, the person committed a Federal, State or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by the conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 . . . and may amend the conditions of release accordingly.

The defendant submits that there is no credible evidence to suggest that defendant is either a flight risk or a threat to the physical safety of any individual or the community at large. While the Government claimed during the April 2, 2018 detention hearing that defendant posed "an economic danger to the safety of any other person or the community" (T, 7:24 to 8:1), that, in and of itself, should not form the basis for the continued detention of Mr. Dunich-Kolb. The defendant respectfully submits that there are conditions of release that will assuage the Court's and Government's concern that

defendant refrain from certain proscribed activities pending trial and that he will not flee as he prepares for trial.

In United States v. Esposito, 309 F.Supp. 3d 24 (S.D.N.Y. 2018), where the defendant was charged with racketeering related offenses as a member of the Genovese crime family, that even where there are community safety concerns, conditions can be fashioned to allow for release while also protecting witnesses and community. There the Court said:

> the danger defendant may pose to the community may be reasonably mitigated by conditions of release that effectively cut him off from his alleged criminal associates and take away his ability to orchestrate criminal activities. No conditions of release, or even detention for that matter, can offer absolute guarantee that defendant will not communicate with criminal associates, but the Court is persuaded that any danger defendant may possess may reasonable be mitigated by conditions set forth in the Bail order, including home incarceration, the ban on his use of cellular telephone or any electronic communications devices, and the requirement that access to his home will be restricted to Government approved guests. Id. at 31-32.

Logic would dictate that if an organized crime defendant charged with violent offenses can be released with stringent conditions that ensure the safety of the community as well as protect against future criminal conduct, then the same can be fashioned for an alleged white collar defendant such as Mr. Dunich-Kolb.

The Bail Reform Act of 1984 governs the issue of pretrial detention. Specifically, it must be determined whether any "condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). 18 U.S.C. § 3142(f) directs the judicial officer to hold a detention hearing at which the defendant has the right to counsel, and "shall be afforded an opportunity to testify, to present witnesses on his own behalf, to cross examine witness who appear at the hearing, and to present information by proffer or otherwise." See also, United States v. Accetturo, 783 F.2d 382, 384 (3d Cir. 1986). Should

the Government seek the detention of defendant on the ground of either risk of flight or safety or any other person and community, they must prove same by a preponderance of the evidence. United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986). In making the decision whether to detain the defendant prior to trial, the Court is to consider the following factors:

> "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled dangerous substance, firearm, explosive or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past, conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

18 U.S.C. § 3145(b) allows for the review of a detention order as it provides "[i]f a person is ordered detained by a magistrate . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."

### FACTUAL ANALYSIS

#### 1. Nature and Circumstances of the Offense

As previously stated, defendant is charged in a twenty-nine count Second Superseding Indictment with twelve counts of Aiding and Assisting in the Filing of False Tax Returns in violation

of 26 U.S.C. § 7206(2); three counts of Subscribing to False Tax Returns in violation of 26 U.S.C. § 7206(1); twelve counts of Mail Fraud in violation of 18 U.S.C. § 1341 and 1347 and 18 U.S.C. § 2; and two counts of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1) and (2). While the charges carry potentially serious penalties, they do not possess a presumption of dangerousness or violence, nor do they indicate that defendant would pose a flight risk.

### 2. Weight of the Evidence

The Government will likely argue that they believe they have a strong case against the defendant. While the Government may be calling taxpayers to testify that the tax returns the defendant prepared on their behalf contained false entries, defendant denies these allegations. Defendant contends that all of the returns were accurate based upon the information provided to him and his understanding of the tax code. To the extent that any deductions taken on the returns may not have been allowable, the defendant submits he did not possess the willful intent to falsify any material entry.

Regardless of the strength of the Government's case, "the weight of the evidence is the least important of these various factors, however, and the statute neither requires nor permits a pretrial determination that the person is guilty." United States v. Cardenas, 784 F.2d 937, 938-39 (9th Cir. 1986) quoting United States v. Motamedi, 767 F. 2d 1403, 1408 (9th Cir. 1985) (where the Court held that the nature of the offense and the evidence of guilt "are only relevant in terms of likelihood that the person will fail to appear or will pose a danger to the community.").

### 3. History and Character of the Defendant

Defendant is 53 years old and a graduate of Syracuse University. He is a lifelong resident of New Jersey having resided in Bergen County since the age of two. He previously owned a home in Saddle River, New Jersey and prior to his current detention was living with and caring for his elderly,

medically compromised parents at their home in Montvale.[2] Subsequent to defendant's first arrest herein and prior to his current detention, defendant was employed by UPS loading and unloading trucks. Defendant was on pretrial release for a lengthy period of time on the first two indictments and appeared for each and every court date when required. At no point during that time did he present as either a flight risk or a danger to the community.

Defendant has one prior indictable conviction from Mercer County in 2012 for second degree Theft - Illegal Retention in violation of N.J.S.A. 2C:20-9. The instant case, in large part, is an off shoot from that State case. The conviction was treated as a third degree crime for sentencing purposes and defendant was sentenced to four years in New Jersey State Prison. There is no indication that defendant failed to appear for any court date in that matter. Defendant also has no prior history of substance abuse of any kind. Thus, nearly all of the factors set forth in 18 U.S.C.§3142(g)(3)(A) militate against detention.

The Government will arguably rely heavily upon 18 U.S.C. § 3142(g)(3)(B) to support its position for continued detention. While it is conceded that some of the counts in the most recent Indictment relate to conduct that is alleged to have occurred while defendant was on pretrial release, this should not be dispositive on the issue of defendant's release. Defendant submits that there are a combination of conditions which can be ordered by the Court that will reasonably assure the appearance of defendant at trial and ensure the safety of any person in the community.[3] The stringent

---

[2] A certification of Davida Kolb, defendant's mother, documents the current medical issues of her and her husband that necessitate the assistance of defendant. These circumstances establish that defendant would be a relatively low risk of flight as he would be caring for his parents during his pretrial release. [Exhibit D].

[3] In United States v. Harris, 920 F.Supp. 132,134 (D. Nev. 1996) the Court found that conditions of release could be ordered that would ensure the pecuniary or economic safety of the community as well as protecting against a loss of revenue to the Government.

conditions discussed infra, will strike the appropriate balance between defendant's liberty interests and the Government's interests.

### 4. Danger to Other Persons and the Community

Defendant has no history of violence and is accused of nonviolent crimes. He does not present as a risk to others or to the community as a whole. Defendant does not pose the type of danger to the community as has been found with reference to alleged drug dealers and traffickers. See United States v. Strong, 775 F.2d 504, 506 (3d Cir. 1985); United States v. Perry, 788 F. 2d 100, 109 (3d Cir. 1986). Therefore, this factor weighs heavily in favor of defendant's release.

## II. DEFENDANT'S CONTINUED DETENTION VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT

In the event the Court does not permit pretrial release pursuant to the arguments advanced in Point I, it is respectfully submitted that the dictates of the Due Process Clause under the Fifth Amendment of the United States Constitution justify defendant's release pending trial.

In United States v. Accetturo, 783 F.2d 382 (3d Cir. 1988), the Third Circuit generally described factors a court should consider when assessing whether a defendant's due process rights require the defendant to be released from pretrial detention. The Court opined:

> Thus, a determination under the Bail Reform Act that detention is necessary is without prejudice to a defendant petitioning for release at a subsequent time on due process grounds. Because due process is a flexible concept, arbitrary lines should not be drawn regarding precisely when defendants adjudged to be flight risks or dangers to the community should be released pending trial. Instead, we believe that due process judgments should be made on the facts of individual cases, and should reflect the factors relevant in the initial detention decision, such as [1] the seriousness of the charges, [2] the strength of the government's proof that defendant poses a risk of flight or a danger to the community, and [3] the strength of the government's case on the merits. Moreover, these judgments should reflect such additional factors as [4] the length of the detention that has in fact occurred, [5] the complexity of the case, and [6] whether the strategy of one side or the other has added needlessly to that complexity.

The first three factors of this test have been addressed in Point I and are respectfully incorporated herein. An analysis of the remaining three factors follows:

### 1. Length of Detention

In this case, the length of detention should weigh in favor of release with conditions. To date, defendant has been detained for nearly seven (7) months. His trial is currently scheduled for January 8, 2019 which will mean that defendant will have been held pretrial for over nine (9) months at the time his trial commences. This is a significant amount of time especially where there has not been a finding of guilt and defendant poses no real risk of flight or seen as a danger to the community if released.

### 2. Complexity

The discovery that the Government has provided in this case thus far is quite extensive. There are numerous boxes of documents confiscated from defendant's home and a storage facility yet to be reviewed by defendant. Prior disclosure by the Government also reveals a significant amount of both paper and electronic discovery pertaining to search warrants as well as over forty subpoenas issued in this matter (mainly financial records) that have been reviewed by counsel and only partially examined by the defendant. There are written reports of witness interviews as well as tax returns and voluminous supporting documentation for many of the returns. Finally, law enforcement confiscated several computers and cell phones containing large amounts of data to be reviewed.

In order for counsel to properly and adequately prepare for trial, counsel will need to be able to consult with defendant so that he can assist in mounting a defense. This has been extremely difficult to achieve while the defendant is incarcerated. Counsel had previously sent a thumb drive containing digital copies of certain information disclosed by the Government to the defendant at the Essex County Jail which was reviewed and redacted by the Jail authorities. This redaction process took several

weeks. Even once the defendant received the redacted copies, the discovery has been so obfuscated that he could not properly review same nor offer assistance regarding same. Thus, hard copies had to be provided which has become exceedingly difficult.

### 3. Whether the strategy of one side or the other has added needlessly to that complexity

The last Due Process factor involves whether one side or the other has added needlessly to the complexity of the case. In this matter, it is respectfully submitted that a variety of factors has contributed to the complexity and neither side can be said to have "needlessly" added to the situation that exists. The Court had previously set a Case Management Order which has been substantially complied with relating to deadlines and, thus, this factor should be found to be in equipoise.

### PROPOSED CONDITIONS OF RELEASE

Defendant submits that the following conditions could be set for his release that will assure that he will not flee or pose a danger to the community and are likely to be abided by :

1. Defendant have no contact, directly or indirectly, with any of the potential witnesses in the case.

2. Defendant have no access to any computers, laptops, tablets, cellphones (except as provided in paragraph 9) or other electronic devices EXCEPT to allow word processing functions so that defendant can assist counsel in his defense.

3. Defendant have no access to the internet. (The defendant's parents' home, where defendant would reside upon release, no longer has internet access).

4. Defendant would not be able to discuss with any past clients, past or current friends or family members matters in any way involving accounting, bookkeeping, tax filings, tax preparation, tax returns, communications in any form to or from the IRS or any State treasury or taxation department. Defendant also may not offer consulting services in any of these areas listed above.

5. Defendant himself will not engage in any activities listed in item #4.

6. Defendant prohibited from subscribing to any tax preparation services such as but not limited to: Lacerte and Intuit.

7. Defendant prohibited from purchasing or obtaining in any manner any tax preparation guides, books or other materials except as necessary in the presence of counsel in preparing for trial.

8. Defendant not to seek access to internet capable computers, laptops, cellphones, tablets or other electronic devices owned or possessed by third parties.

9. Defendant will be allowed the use of a cellphone provided it has no internet access and is only capable of making calls to 911 or approved family members and his attorneys.

10. Defendant's proposed employment upon release must be approved by the Court and any prospective employer must agree in writing to comply with the conditions set forth in paragraph eight.

11. Electronic location monitoring or, in the alternative, home detention.

## CONCLUSION

For the reasons advanced, defendant respectfully submits that the rebuttable presumption of detention has been overcome and defendant should be released pretrial as there are a combination of conditions that can be set by the Court to ensure defendant appears in court and is not a danger to the safety of any person or the community.

Respectfully submitted,

CAMMARATA, NULTY & GARRIGAN, LLC

BY: JEFFREY GARRIGAN (029301989)

BY: DEBRA SIMON (021581985)

JGG/lb
cc: Shirley U. Emehelu, A.U.S.A. *(via efile & email)*
cc: Sarah Devlin, A.U.S.A. *(via efile & email)*