

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*  Telephone: (973) 353-6024
*Newark, New Jersey 07102*  Facsimile:  973) 297-2006

December 13, 2018

**FILED ELECTRONICALLY VIA ECF**
Honorable Kevin McNulty
United States District Judge
Frank R. Lautenberg U.S. Post Office & Courthouse
Federal Square
Newark, New Jersey 07101

    Re:  <u>United States v. Wayne Dunich-Kolb (Crim. No. 14-150)</u>

Dear Judge McNulty:

    Please accept this letter brief in lieu of a more formal response in opposition to defendant Wayne Dunich-Kolb's request to modify the terms of the Stipulated Protective Order. (*See* Doc. No. 80).  The United States respectfully requests that the Court enforce the existing terms of the Stipulated Protective Order entered into by the parties in this case on May 17, 2018. (Doc. No. 58).  The Stipulated Protective Order allows defendant Wayne Dunich-Kolb ("Defendant")[1] to view documents disclosed by the Government to the defense, including the trial exhibits at issue here, but specifically bars Defendant from maintaining custody of documents containing "Protected Information."  Protected Information is defined as any documents that "contain a third party's (1) social security number; (2) taxpayer-identification number; (3) birth date; (4) financial-account number; (5) home address; (6) telephone number; (7) email address; or (8) the name of an individual known to be a minor" (Doc. No. 58 at 2).  Moreover, the Stipulated Protective Order specifically provides that "Protected Information may be discussed with or shown to, but may not be provided to or remain in the custody of, the defendant or prospective witnesses." (Id. at 3).

    In his December 13, 2018 Letter to the Court, Defendant asks that the Court allow defense counsel to "provide a flash drive containing the Government's trial Exhibits to [Defendant] for his review."  (Doc. No. 80).  Defendant asks that the Court modify the Stipulated Protective order "so as to

---

[1] Defendant is currently incarcerated, and was incarcerated at the time that the parties entered into the Stipulated Protective Order.

permit the defendant to retain the Government's trial exhibits on a thumb drive for his review" Defendant claims that it is "impractical for counsel to bring the flash drive to the jail and go through the exhibits with him one by one as the list is extensive." (Id.)

The Government opposes Defendant's request because the Government's trial exhibits include many documents containing Protected Information, such as filed tax returns containing the names, social security numbers, birth dates, addresses, and bank account numbers of Defendant's tax preparation clients (who will serve as witnesses at trial), along with the names and social security numbers of certain clients' minor children.  Additionally, other records such as text messages extracted from Defendant's cellular telephone(s), pursuant to Court-issued federal search warrants, display the telephone numbers of certain witnesses, including witnesses who will testify at trial.  The prospect of Defendant's unrestricted access to sensitive, personal identifying information is problematic given his past conduct, which includes committing new crimes while under Court supervision, violating the express terms of his Bail Conditions Order, and tampering with witnesses.   Defendant's own actions reveal an individual who does not comply with restrictions on his conduct, and who has repeatedly abused his access to third parties' personal identifying information and financial information for his own benefit, as evident from the newly charged mail fraud and aggravated identity theft offenses.  Defendant also has contacted at least two separate witnesses against him in an attempt to intimidate them and influence their testimony.

Given the danger that Defendant will exploit custodial access to Protected Information to enrich himself and/or to harass victims and witnesses, the Court should deny Defendant's application outright.  As an alternative, in light of defense counsel's claim that it is too time consuming for defense counsel to supervise Defendant while he reviews the trial exhibits, and given that Defendant's counsel is CJA appointed, the Court could appoint a CJA-funded investigator to monitor Defendant while he reviews the exhibits containing Protected Information.

### Background

Defendant has been indicted on, *inter alia*, two counts of aggravated identify theft.  Notably, the Second Superseding Indictment alleges, in Counts 28 and 29, that Defendant used the social security numbers of a deceased taxpayer, D.D., and another client, J.L., to cause the IRS to issue certain refund checks for D.D., and payable to D.D. and J.L., to be mailed to Defendant's Vegas P.O. Box and then mail-forwarded to his Montvale Residence. (Doc. No. 50 at 15).  Defendant then deposited the checks into accounts that he controlled. (Id. at 13-14).  Defendant committed this conduct while on pretrial release.

Certain of the mail fraud counts in the Second Superseding Indictment — Counts 19, 20, 21, 23, 25, 26, and 27 — allege that, while on pretrial release, Defendant diverted to his own personal use, IRS tax refund checks payable to Defendant's tax preparation clients (collectively, the "Diverted Refund Checks"). (Id. at 10, 12-14). Specifically, these charges allege that Defendant caused the IRS to mail the Diverted Refund Checks to Defendant's Las Vegas, Nevada P.O. Box (the "Vegas P.O. Box") and caused the United States Postal Service to mail-forward the Diverted Refund Checks from the Vegas P.O. Box to the Montvale Residence where Defendant was residing with his parents. (Id.).

Furthermore, as outlined in the Court's November 28, 2018 order denying Defendant's motion for release from custody (Doc. No. 76), the Court noted that Defendant has a history of failing to comply with court-ordered restrictions on his conduct, as the Court found that Defendant regularly violated of the conditions of his pretrial release. Significantly, 14 of the counts in the Second Superseding Indictment occurred while Defendant was on pretrial release.

Defendant also has contacted victims and witnesses in this case in an attempt to intimidate them and influence their statements to law enforcement. For example, on or about February 6, 2018 Defendant, referring to the IRS-CI case agent, sent a text message to his client J.S., stating in substance and in part: "you receiving calls from a 30 year old who was 24 years old when he started this and is ONLY using you to get information. . . . We have been friends for over 20 years and friends help each other. . . . Less said to a 30 year old wise was [sic] fishing for information the better…. or ignore stupidity."

Then, on or about February 12, 2018, Dunich-Kolb texted J.S., stating in substance and in part: "When is your meeting tomorrow? I want to talk to you before you leave the house on answers to the questions to make this easy for both of us and get you uninvolved. If you say wrong thing and become a star…. my lawyer has the temper of you and me on our worst days and will defend me. [W.K.] can easily say talk to [J.S.] as knowing NOTHING about nothing. EVERYTHING will be FINE for all of us. Have not led you wrong before despite helping you 100 times."

Later that day, Defendant texted J.S. again, instructing J.S. in substance and in part: "You approved of all deposits made because we have been friends for over 20 years, you were dealing with bankruptcy and because irs has been after me for over 6 years on a personal vendetta. . . . Wayne [Dunich-Kolb] gave me money from the checks and I loaned him money to fight his case."

The following day, on or about February 13, 2018, Defendant again texted J.S., providing further coaching on what to say to the IRS-CI investigators and also directing J.S. to "delete all [his] texts."

3

Additionally, during the course of an August 14, 2017 law enforcement interview with A.S. — another one of Defendant's tax preparation clients — Defendant sent text messages to A.S. stating, in sum and substance, "[c]all me back..... less you say the better to the kid who started all this for me," and "hope you are calm to [Special Agent] Jonathan Helmstetter and not confessing your life story to a punk kid."

**THE COURT SHOULD DENY DEFEDANT'S REQUEST TO MODIFY THE STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Title 18, United States Code Section 3771(a) (The Crime Victims' Rights Act), the Government requests that the Court enforce the terms of the Stipulated Protective Order designed to protect the victims and witnesses in this case by restricting disclosures in this matter.  Defendant has been charged with several criminal violations involving, among other things, his exploitation of his access to clients' personal identifying information and financial information both to divert their refund checks to him and to file false documents with the IRS on behalf of a deceased person in order to profit from refund checks made payable to the deceased.  The Government's marked trial exhibits, virtually all of which were produced in discovery several months ago, include records containing personal information, such as birth dates, names, social security numbers, bank account numbers, phone numbers, and addresses.

The Stipulated Protective Order at issue in this case was negotiated by the parties and entered upon their consent, all while Defendant was incarcerated.  By seeking to nullify a key term of the Protective Order, defense counsel is essentially drawing into question the very need for a protective order in this case.  Rule 16(d)(1) explicitly provides that "at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).  The Supreme Court counseled long ago that "[t]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185 (1969); see also United States v. Wecht, 484 F.3d 194, 211 (3d Cir. 2007); See United States v. Giraldo, 822 F.2d 205, 212 (2d Cir. 1987).  The party seeking the order must show "good cause." Wecht, 484 at 211.  "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." Id.; see also Pansy v. Borough of Straudsburg, 23 F.3d 772 (3d Cir. 1994).  Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning, do not support a good cause showing." Pansy, 23 F.3d at 786 (citations and internal quotations omitted).  The Third Circuit articulated various factors that a Court should consider in determining whether "good cause" exists for issuance of a protective order, including, whether the

disclosure will violate any privacy interests, whether the information being sought will cause a party "particularly serious" embarrassment, whether confidentiality is being sought over information important to public health and safety, and whether sharing of information among litigants will promote fairness and efficiency. Id. at 787-790

Thus, the central question at issue here is whether there is "good cause" for the provision barring Defendant from maintaining custody of the marked trial exhibits containing Protected Information. The need to protect victims and witnesses in this case warrants the preservation of the contested provision. Courts have identified the Crime Victims' Rights Act ("CVRA"), Title 18, United States Code, Section 3771, as providing "good cause" for the issuance of a protective order under Rule 16(d). See United States v. Patkar, 2008 WL 233062 (D. Hawaii Jan. 28, 2008) (denying request for certain discovery materials pertaining to the victim, on the ground that disclosure of those materials would injure the victim's reputation); see generally, United States v. Gakhal, 2015 WL 5559852 (N.D. Ill. Sept. 17, 2015) (protective order granted pursuant to Rule 16(d) and CVRA). Indeed, under the CVRA, victims are entitled to be reasonably protected from the accused and to be treated with fairness and with respect for the victim's dignity and privacy. 18 U.S.C. § 3771(a)(1).

The Court, however, must be careful to balance the need to protect information from disclosure against a criminal defendant's due process right of access to such information in preparing and presenting a complete defense. See United States v. Lindh, 198 F.Supp.2d 739, 742 (E.D. Va. 2002) (citations omitted); see also Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005) (directing district court to "determine whether there is good cause by balancing the interests of the public and the parties" and further indicated that the court "should explain the reasoning behind its balancing conclusion.") (citing Pansy, 23 F.3d at 786-87). To that end, the court may order a defendant and his counsel not to disclose material which they are entitled to inspect, see Alderman, 394 U.S. at 185; United States v. Caoarros, 800 F.2d 23, 24 (2d Cir. 1986) (upholding use of a protective order to prevent defendant's disclosure of items produced in discovery), or may limit disclosure only to defense counsel, defense investigators or an expert witness. See United States v. Anderson, 509 F.2d 724, 729 (9th Cir. 1974) (district court can order defense counsel not to disclose to defendant information learned during in camera proceedings concerning informant identify); Lindh, 198 F.Supp.2d at 742-43; United States v. Gangi, 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action").

The Stipulated Protective Order seeks to prevent Defendant from misusing witness and victims' personal identifying information by restricting Defendant from having independent access to documents in this case outside

5

the presence of his counsel.  Under the CVRA, victims are entitled to be "reasonably protected from the accused." 18 U.S.C. § 3771(a)(1).  In order to meet its obligations, the Government asks that the Court uphold the terms of the Stipulated Protective Order that Defendant be able to review but not receive or retain copies of materials containing Protected Information.  This will not hinder Defendant's ability to prepare his case because he has had and will have access to all of the Government's marked trial exhibits and any other trial-related material disclosed by the Government, but will not be able to retain copies.  This request is made because Defendant's past conduct raises serious concerns about witness and victim intimidation and the abuse of the personal identifying information belonging to the witnesses in this case.  Defendant repeatedly has misused the personal identifying information of his tax preparation clients.  In particular, Defendant used the social security number of a deceased tax preparation client to cause the IRS to issue tax refund checks to a P.O. Box that Defendant controlled and that Defendant ultimately deposited those checks into his own account. Defendant also has contacted witnesses in this case in an attempt to influence their testimony.

The Government has provided full discovery to defense counsel in order to prepare for trial, and Defendant has been permitted to review such materials in the presence of counsel for months.  Defendant's desire to maintain custody of documents containing Protected Information is far outweighed by the threat that Defendant poses to the victims and witnesses in this case, as the Government seeks to prevent him from misusing the personal identifying information belonging to the trial witnesses.  Accordingly, the interest of protecting the welfare and safety of the victims and witnesses outweighs any prejudice to Defendant.

Furthermore, as an alternative, defense counsel (who is funded by CJA) could request that the Court appoint a CJA investigator to monitor Defendant while he reviews the trial exhibits containing Protected Information.

**CONCLUSION**

The Government respectfully requests that the Court enforce the terms of the Stipulated Protective Order allowing Defendant to view Protected Information only during meetings with defense counsel, but not permitting him to retain copies of materials containing Protected Information.

Respectfully submitted,

Craig Carpenito
United States Attorney


/s/ Sarah Devlin

6

                                                               _____
                                                                Sarah Devlin
                                                                Shirley U. Emehelu
                                                                Assistant United States Attorneys

cc:  Jeffrey Garrigan, Esq. and Debra Simon, Esq., counsel for defendant (*via ECF*)