

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *(973) 645-2700*
*Newark, New Jersey  07102*

SUE/SD/PL AGR
2012R00252

January 10, 2019

Jeffrey G. Garrigan, Esq.
CAMMARATA, NULTY & GARRIGAN, L.L.C.
549 Summit Avenue
Jersey City, NJ  07306

> Re: <u>Plea Agreement with Wayne Dunich-Kolb</u>
> *Crim. No. 14-150*

Dear Mr. Garrigan:

This letter sets forth the plea agreement between your client, Wayne Dunich-Kolb, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire today, **January 10, 2019, at 5:00 p.m.** if it is not accepted in writing by that time.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Wayne Dunich-Kolb to Counts 12, 15, 25, and 29 of the Second Superseding Indictment, Criminal No. 14-150, which charges him with: in Count 12, aiding and assisting in the filing of a false tax return, in violation of 26 U.S.C. § 7206(2); in Count 15, subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1); in Count 25, committing mail fraud while on pretrial release, in violation of 18 U.S.C. §§ 1341, 3147, and 2; and in Count 29, committing aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. If Wayne Dunich-Kolb enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Wayne Dunich-Kolb for preparing false client tax returns and subscribing to false personal tax returns for tax years 2006 through 2017, inclusive, and for his involvement in mail fraud and aggravated identity theft from in or about January 2016 through in or about March 2018. In addition, if Wayne Dunich-Kolb fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss

Counts 1-11, 13, 14, 16-24, and 26-28 of the Second Superseding Indictment, Criminal No. 14-150, against Wayne Dunich-Kolb. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Wayne Dunich-Kolb agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Wayne Dunich-Kolb may be commenced against him, notwithstanding the expiration of the limitations period after Wayne Dunich-Kolb signs the agreement.

Sentencing

**Count 12:** The violation of 26 U.S.C. § 7206(2) to which Wayne Dunich-Kolb agrees to plead guilty carries a statutory maximum prison sentence of 3 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

**Count 15:** The violation of 26 U.S.C. § 7206(1) to which Wayne Dunich-Kolb agrees to plead guilty carries a statutory maximum prison sentence of 3 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

**Count 25:** The violation of 18 U.S.C. § 1341 to which Wayne Dunich-Kolb agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The violation of 18 U.S.C. § 3147 to which Wayne Dunich-Kolb agrees to plead guilty carries a statutory maximum prison sentence of 10 years, and any sentence of imprisonment imposed for the violation of 18 U.S.C. § 3147 must run consecutively to any period of imprisonment for the underlying mail fraud offense, thereby increasing the total statutory maximum applicable to Count 25 to 30 years.

**Count 29:** The violation of 18 U.S.C. § 1028A(a)(1) to which Wayne Dunich-Kolb agrees to plead guilty carries a mandatory term of 2 years, which must be served consecutively to the sentence on Count 25, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on Counts 12, 15, and 25 may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Wayne Dunich-Kolb is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Wayne Dunich-Kolb ultimately will receive.

Further, in addition to imposing any other penalty on Wayne Dunich-Kolb, the sentencing judge: (1) will order Wayne Dunich-Kolb to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Wayne Dunich-Kolb to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order Wayne Dunich-Kolb, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require Wayne Dunich-Kolb to serve a term of supervised release of not more than 1 year on Count 12, not more than 1 year on Count 15, and not more than three years on Count 25, which will begin at the expiration of any term of imprisonment imposed. Should Wayne Dunich-Kolb be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Wayne Dunich-Kolb may be sentenced to not more than 1 year's imprisonment on Count 12, 1 year's imprisonment on Count 15, and 2 years' imprisonment on Count 25, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

In addition, Wayne Dunich-Kolb agrees to make full restitution for all losses resulting from the offenses of conviction and from the scheme, conspiracy, or pattern of criminal activity underlying those offenses, to any victims identified by this Office, including but not limited to the Internal Revenue Service. Restitution will be due immediately upon sentencing, but, at a minimum, shall be paid according to a plan established by the Court. Neither the existence of a restitution payment plan nor Wayne Dunich-Kolb's

timely payment of restitution according to that plan will preclude the United States from immediate collection of the restitution.

Wayne Dunich-Kolb further agrees that within ten (10) days of the execution of this plea agreement, the defendant shall complete and submit a Financial Disclosure Statement provided by the United States, along with all documents supporting the defendant's stated assets and liabilities (collectively, the "Financial Disclosure Statement"). The defendant agrees to cooperate fully with the Financial Litigation Unit with respect to requests for additional information pertaining to the defendant's assets and liabilities, and agrees, if necessary, to appear for a deposition concerning his assets and liabilities and his ability to pay restitution. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Wayne Dunich-Kolb by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Wayne Dunich-Kolb's activities and relevant conduct with respect to this case.

## Rights of This Office Regarding Post-Sentencing Proceedings

This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

## Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Wayne Dunich-Kolb agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the mail fraud offense charged in Count 25 of the Second Superseding Indictment. Wayne Dunich-Kolb further agrees that the value of such property was $6,142.00; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $6,142.00 (the "Forfeiture

- 4 -

Amount"). The defendant consents to the entry of an order requiring the defendant to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identity, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the *United States Marshals Service*, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Wayne Dunich-Kolb waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Wayne Dunich-Kolb represents that he will provide a complete and accurate Financial Disclosure Statement. If Wayne Dunich-Kolb fails to provide a complete and accurate Financial Disclosure Statement, or if this Office determines that Wayne Dunich-Kolb has intentionally failed to disclose assets on his Financial Disclosure Statement, Wayne Dunich-Kolb agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

### Immigration Consequences

Wayne Dunich-Kolb understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Wayne Dunich-Kolb understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Wayne Dunich-Kolb wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Wayne Dunich-Kolb understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Wayne Dunich-Kolb waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Wayne Dunich-Kolb. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against Wayne Dunich-Kolb.

No provision of this agreement shall preclude Wayne Dunich-Kolb from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Wayne Dunich-Kolb received constitutionally ineffective assistance of counsel.

Prior to the date of sentencing, Wayne Dunich-Kolb shall: (1) enter into a Form 870 Waiver of Restrictions on Assessments and Collections of Deficiency in Tax and Acceptance of Overassessment (hereinafter, "Form 870 Waiver"), in lieu of filing returns or amended returns for calendar years 2006 through 2012, inclusive; (2) provide all appropriate documentation to the Internal Revenue Service in support of such Form 870 Waiver, upon request; (3) pay to the Internal Revenue Service all taxes (including interest and penalties, if any) owed on the Form 870 Waiver or, if unable to do so, make

satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States.  Further, Wayne Dunich-Kolb agrees to allow the contents of his Internal Revenue Service criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Wayne Dunich-Kolb.  With respect to disclosure of the criminal file to the Internal Revenue Service, Wayne Dunich-Kolb waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Wayne Dunich-Kolb's tax returns and return information.

Furthermore, Wayne Dunich-Kolb agrees not to file any claims for refund of taxes, penalties, and interest for 2006 through 2012, inclusive, or for any other amounts paid in accordance with this agreement.  Wayne Dunich-Kolb agrees that the provisions set forth in this agreement concerning his obligations, including those obligations set forth under the caption, "Other Provisions," of this agreement are appropriate conditions of probation or supervised release.

No Other Promises

This agreement constitutes the plea agreement between Wayne Dunich-Kolb and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: SHIRLEY U. EMEHELU
    SARAH DEVLIN
Assistant U.S. Attorneys

APPROVED:

JOHN GAY
Chief, Criminal Division

I have received this letter from my attorney, Jeffrey G. Garrigan, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 1/10/19   4:32 PM
Wayne Dunich-Kolb

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 1/10/19   4:32 PM
Jeffrey G. Garrigan, Esq.