

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th Floor*             *973-645-2700*
*Newark, New Jersey 07102*

March 10, 2020

Hon. Kevin McNulty
United States District Judge
United States Post Office & Courthouse
Federal Square
Newark, New Jersey 07102

       Re:    *United States v. Wayne Dunich-Kolb*
                Crim. No. 14-150 (KM)

Dear Judge McNulty:

       This letter is respectfully submitted in lieu of a more formal submission in response to Defendant Wayne Dunich-Kolb's letter to the Court, filed on March 6, 2020. *See* ECF No. 105. In his letter, Mr. Dunich-Kolb alleges that the Federal Bureau of Prisons ("BOP") has failed to properly calculate his sentence. More specifically, he alleges that he is entitled to an additional 137 days of custody credit against his federal sentence.

       As a threshold matter, Mr. Dunich-Kolb's claim is not properly before this Court. Because Mr. Dunich-Kolb is challenging the execution of his sentence, his claim is cognizable in a habeas petition under 28 U.S.C. § 2241. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Such a petition must be filed in the district of confinement – not the district of prosecution. 28 U.S.C. §§ 2242, 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).

       Prior to filing a § 2241 petition, however, Mr. Dunich-Kolb must first fully exhaust the BOP's administrative remedy procedure, as explained in BOP Program Statement 1330.18, Administrative Remedy Program, available at https://www.bop.gov/resources/policy_and_forms.jsp. An inmate's failure to exhaust all stages of the administrative remedy system prior to filing a § 2241 petition is a proper basis for dismissal. *See Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all available administrative remedies." (citation omitted)); *see Gross v. Warden, USP Canaan*, 720 F. App'x 94, 97-98 (3d Cir. 2017) (*citing Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 759 (3d Cir. 1996)).

For these reasons, the Government respectfully asks the Court to deny Mr. Dunich-Kolb's request.

>Respectfully submitted,
>
>CRAIG CARPENITO
>United States Attorney
>
>____/s/ *Sarah Devlin*_____
>Sarah Devlin
>Assistant United States Attorney

cc: Jeffrey Garrigan, Esq.
    Debra Simon, Esq.