UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>Wayne DUNICH-KOLB,<br>　　　　　　**Defendant.** | Crim. No. 14-150 (KM)<br><br>**OPINION and ORDER** |

The defendant, Wayne Dunich-Kolb, pled guilty to tax-related charges, and on September 17, 2019, this Court sentenced him to a total term of 72 months' imprisonment. At the time he was sentenced, he had already been in custody for some time. Now before the Court is his letter application asserting that the Federal Bureau of Prisons ("BOP") should have been credited for 670 days of prior custody, but has only been credited with 533 days, a discrepancy of 137 days. He seeks an order requiring BOP to credit him with an additional 137 days. (DE 105) This court lacks jurisdiction over such a challenge, for two reasons.

First, any court challenge to the calculation or execution of sentence must be brought as a petition for habeas corpus, pursuant to 28 U.S.C. § 2241:

> [U]nlike § 2255, which only confers jurisdiction over "challenges [to] the validity of the petitioner's sentence [,]" we have held that § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir.2005) (quoting *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir.2001)).

*Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). *See also Soyka v. Alldredge*, 481 F.2d 303, 304–05 (3d Cir. 1973) (calculation of sentence credit

1

falls on the habeas side of the distinction between § 2241 and § 2255);[1] *Walsh v. Zickefoose*, No. CIV.A. 12-3961 RMB, 2013 WL 504600, at *6 (D.N.J. Feb. 8, 2013).

Mr. Dunich-Kolb does not challenge the validity of the sentence as imposed, but rather the BOP's execution of the sentence. Such a petition must be brought under 28 U.S.C. § 2241, against the person holding the defendant in custody, and filed in the district where the defendant is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (writ of habeas corpus issuable only in the district of confinement); *see also* 28 U.S.C. § 2243 (petition to be "directed to the person having custody of the person detained"). USP Canaan is located in Wayne County, under the jurisdiction of the U.S. District Court for the Middle District of Pennsylvania.

Second, any such § 2241 habeas petition would have to be preceded by exhaustion of administrative remedies within the Bureau of Prisons. *See Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all

---

[1] We are of the view that Section 2255 is inapplicable, for the essence of Soyka's petition involves the computation of time served on his sentence. Rather than collaterally attacking the sentence, he merely seeks a determination that certain time spent in custody should be applied to the sentence the validity of which is not in question. *See Comulada v. Pickett*, 455 F.2d 230 (7 Cir. 1972). If Soyka were to prevail on the merits, the credits would apply against the sentence as imposed–they cannot be implemented by tampering with or correcting the sentence itself. *See Lee v. United States*, 400 F.2d 185 (9 Cir. 1968). The case at bar is thus akin to the primary historic use of the writ of habeas corpus as embodied by the Constitution as well as 28 U.S.C. § 2241, for Soyka's attack is upon the legality of his future detention based on the claim that respondent threatens to hold him beyond the expiration date of his sentence. *Compare Zaffarano v. Fitzpatrick*, 404 F.2d 474 (2 Cir. 1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2130, 23 L.Ed.2d 766 (1969), and *Comulada v. Pickett, supra*.

*Soyka v. Alldredge*, 481 F.2d at 304–05 (footnotes omitted).

available administrative remedies"); *Gross v. Warden, USP Canaan*, 720 F. App'x 94, 97–98 (3d Cir. 2017) (challenge to prison disciplinary sanction resulting in, *inter alia,* loss of good time credit). Further information may be found at the www.bop.gov website; the government particularly directs Mr. Dunich-Kolb to BOP Program Statement 1330.18, Administrative Remedy Program, available at https://www.bop.gov/resources/policy_and_forms.jsp.

## ORDER

For the foregoing reasons,

IT IS this 13th day of March, 2020,

ORDERED that the defendant's letter application (DE 105) is DENIED without prejudice to its being raised in the proper forum.

**KEVIN MCNULTY**
**United States District Judge**