UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>          v.<br><br>**Wayne DUNICH-KOLB,**<br>                    **Defendant.** | Crim. No. 14-150 (KM)<br><br>**OPINION and ORDER** |

On January 11, 2019, the defendant, Wayne Dunich-Kolb, pled guilty to charges involving false tax returns, mail fraud, and identity theft. On September 17, 2019, this Court varied downward significantly from the Guidelines range of 87–102 months, and sentenced him to a total term of 72 months' imprisonment. After denying his first motion for compassionate release pursuant to the First Step Act ("Op.1", DE 117), I granted his second such motion (DE 118), and further reduced his sentence of imprisonment to 60 months, primarily because of the worsening health of his mother, for whom he was the sole caretaker ("Op. 2", DE 125). He has been released from incarceration and is currently serving a three-year term of supervised release. Now before the Court is Mr. Dunich-Kolb's motion ("Mot.", DE 126), pursuant to 18 U.S.C. § 3583(e), for early termination of his term of supervised release. The government has filed a brief in opposition. ("Opp.", DE 127) For the reasons stated herein, the motion is denied.

The relevant statute, 18 U.S.C. § 3583(e), provides as follows:

> (e) Modification of Conditions or Revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of

11

supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice . . . .

18 U.S.C. § 3583(e).

It is undisputed that Mr. Dunich-Kolb has met the 12-month prerequisite, having served some fifteen months of his supervised release term. The Court is therefore empowered to terminate his supervised release term, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice, after consideration of the listed factors under 18 U.S.C. § 3553(a).[1] The court need not make detailed

---

[1] For convenience, the relevant sections of § 3553(a) are quoted here:

**(a) Factors To Be Considered in Imposing a Sentence.—** . . . The court, in determining the particular sentence to be imposed, shall consider—

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed— . . .

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .

**(4)** the kinds of sentence and the sentencing range established for—

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

**(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

**(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

11

findings as to each of the relevant § 3553(a) factors, but must indicate that it has considered them. *See United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020). I have considered all of the listed § 3553(a) factors.

Indeed, I have on three prior occasions conducted the § 3553(a) analysis. (*See* DE 111 (Tr. of Sentencing vol. 2); Op. 1 at 11–20; Op. 2 at 15–22) In each instance, I have found that the balance is highly unfavorable to Mr. Dunich-Kolb. True, in the most recent decision, I shortened his well-deserved sentence of incarceration. In doing so, however, I found that the § 3553(a) factors would *not* otherwise justify release, but that the worsened medical condition of his mother, for whom he served as live-in caretaker, set forth extraordinary and compelling circumstances. (Op. 2 at 15–22) I here incorporate those earlier analyses by reference, updating them somewhat.

Mr. Dunich-Kolb used his position as a trusted tax adviser to take advantage of clients and defraud the government. Particularly relevant to this application to terminate supervision is his poor response to correction and supervision in the past. The criminal conduct was serious, deliberate and ongoing. It followed a conviction and service of a state sentence for a tax-related offense. It was accomplished through the defendant's falsely holding himself out as a CPA, in violation of a consent order. It included egregious acts of tax fraud involving the preparation of false returns for clients and himself. It involved fraud against clients, in that he filed fraudulent returns on their

---

**(5)** any pertinent policy statement—

**(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

**(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.[1]

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

11

behalf and pocketed the refunds. In one instance, it entailed aggravated identity theft with respect to a deceased client. Part of the criminal conduct occurred while Dunich-Kolb was on bail supervision, which, after a failed cover-up, resulted in revocation of bail. The aggregate loss exceeded $2.2 million.

Throughout the criminal proceedings, Mr. Dunich-Kolb denied responsibility, attributing the charges to a vendetta on the part of an envious investigating agent, and bragged privately about hoodwinking the federal agents. It is true that he has retreated significantly from the conspiratorial reasoning he engaged in earlier, and has expressed regret for his "stupidity." (*See* DE 108 at 7.) While less than a full acceptance of guilt, that is something, and I acknowledge that it represents at least some progress. Moreover, he compiled a good record of conduct while in prison and in the first year of post-incarceration supervision.

The goal of punishment, of course, is no longer of primary importance once a sentence of imprisonment has been completed; supervision is designed, not to punish, but to discourage recidivism and ease the transition to a law-abiding life in the community. That said, I cannot refrain from observing that this defendant, who was initially the beneficiary of a substantial downward variance, has in addition received a reduction in sentence for humanitarian reasons unrelated to his guilt or contrition. These were awarded for good and sufficient reasons, but in the Court's estimation, they operated to the detriment of certain sentencing goals, such as just punishment, and to some extent undercut the range required by the Sentencing Guidelines, creating a disparity with the sentences of similar offenders.

The goals of deterrence and protection of the public, given the defendant's troubling past, remain paramount. In pretrial proceedings, the Court did not grant the defendant's application to be found incompetent to stand trial, but I did accept expert psychological evidence establishing, at a minimum, that the defendant regarded himself as a victim and was stubbornly fixated on his personal opinion that his conduct did not violate the law.

Supervision, to be sure, appears to be working. I remain convinced, however, that the full term of further supervision is warranted to prevent defendant's backsliding into criminal activity.

Restitution, moreover, remains extremely important.[2] The sentence includes a restitution obligation of approximately $2.2 million. To date, Mr. Dunich-Kolb has paid approximately $2,200, representing 0.1% of the loss. Ongoing supervision is required to ensure that he continues to comply, to the extent his financial resources permit.

In his papers, Mr. Dunich-Kolb cites his clean disciplinary record and good conduct, but suggests no particular hardship or other factors supporting termination of supervision. Taking all of the foregoing into account, the Court is not "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).

## ORDER

Accordingly, for the reasons expressed above,

IT IS this 17th day of May, 2023

ORDERED that the motion (DE 126) to terminate supervised release is DENIED.

/s/ Kevin McNulty
_____
KEVIN MCNULTY
United States District Judge

---

[2] This factor, 18 U.S.C. § 3553(a)(7) (incorporated in 18 U.S.C. § 3583(e)) is omitted from defendant's quotation of § 3583(e). (Mot. p. 3)

11